UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALFONSO PAREDES CORTEZ,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH, Warden of Miami Correctional Facility, SAMUEL OLSON, Interim Director of United States Immigration and Customs Enforcement Chicago Field Office; KRISTI NOEM, Secretary of the United States Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | CAUSE NO. 3:26-CV-24 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee Alfonso Paredes Cortez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Paredes Cortez alleges he is a citizen of Mexico who entered the United States without inspection on an unspecified date. He claims that in October 2025, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) while working at a construction site. He claims he was arrested "without any warrant calling for his arrest or capture." He was subsequently transferred to Miami Correctional Facility, where he remains at present.

As a preliminary matter, Mr. Paredes Cortez's counsel was previously ordered to show cause why he did not address the deficiencies in his *pro hac vice* application in a

timely fashion after being alerted by the clerk that his motion could not be granted as submitted. He has since remedied those deficiencies and has been granted leave to proceed *pro hac vice* in this case by the assigned magistrate judge. Accordingly, the order to show cause is discharged. With this administrative matter resolved, the case can proceed.

Mr. Paredes Cortez argues that the government has wrongfully concluded that his detention is authorized by 8 U.S.C. § 1225(b)(2). He argues that 8 U.S.C. § 1225(b)(2) applies to people arriving at ports of entry, whereas he was arrested within the interior of the country. He seeks an order requiring that he be immediately released from custody or, alternatively, provided a bond hearing pursuant to 8 U.S.C. § 1226(a).

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Paredes Cortez alleges that his detention violates applicable statutes and Fifth Amendment due process. The court has jurisdiction to consider these issues.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined in this court and in many other courts across the country. Specifically, this court has joined the overwhelming majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who were apprehended in the interior of the United States years after arrival, when as "applicants for admission" they are not "seeking admission" within the statute's meaning. *See De*

*Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). Notably, the Seventh Circuit recently concluded on an application for a stay pending appeal that the government was unlikely to succeed on the merits of its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

To the extent respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *De Jesús Aguilar*, and *Singh*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Finally, the petitioner includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held,

3

not a supervisory official who has the authority to free the petitioner. Therefore, he will be ordered to show cause why all respondents other than Warden Brian English should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago Immigration and Customs Enforcement Field Office at the Office of the Principal Legal Advisor; (d) the Secretary of the Department of Homeland Security, at the Office of General Counsel; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) ORDERS such respondents to file an answer to the petition by **February 11, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including without limitation any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a); and

(5) GRANTS the petitioner until **February 18, 2026,** to file a reply in support of his petition, and to show cause why all respondents other than his immediate custodian should not be dismissed from the case.

SO ORDERED.

February 4, 2026                    *s/ Damon R. Leichty*
                                    Judge, United States District Court