UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALFONSO PAREDES CORTEZ, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-24 DRL-SJF |
| BRIAN ENGLISH, SAM OLSON, KRISTI NOEM, PAMELA BONDI, | |
| Respondents. | |

ORDER

Immigration detainee Alfonso Paredes Cortez, by counsel, filed an *ex parte* motion for emergency relief. He alleges that, on February 11, 2026, he was wrongfully deported—wrongfully, he says, because he had not been ordered removed from the United States. According to his habeas petition, he is in ongoing removal proceedings.

An *ex parte* motion is not appropriate today. "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "Judges deliberate in private but issue public decisions after public arguments based on public records." *Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992); *see also Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 547 (7th Cir. 2002) ("very few categories of documents are kept confidential").

Only in limited circumstances may one file an *ex parte* motion, and even then of "brief duration and limited scope to preserve the status quo pending a hearing." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (citing *Granny Goose Foods, Inc. v.*

*Teamsters,* 415 U.S. 423, 438–39 (1974), and *Carroll v. President of Princess Anne,* 393 U.S. 175, 180 (1968)). "[U]nder federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.* at 322 (quotations and citation omitted). Even in the area of temporary restraining orders, the court typically requires notice unless unusual emergent circumstances present. All parties have appeared here, so there is absolutely no cause to engage the court *ex parte*.

Mr. Paredes Cortez also has not complied with the federal rules to seek a temporary restraining order. Under Federal Rule of Civil Procedure 65(b)(1), the court may issue a temporary restraining order, without written or oral notice to the adverse parties or their attorney, only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The motion offers none of this—no facts to suggest irreparable injury, particularly when the removal has already occurred, and no certification of efforts made to alert the respondents of this request and afford them any opposition.

The court will deny the motion accordingly and will order that the motion be unsealed and this order likewise be publicly docketed. If Mr. Paredes Cortez refiles a motion, he should explain why this court retains jurisdiction over his habeas petition now that he appears to be no longer in custody. *See Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

2

Accordingly, the court DENIES the motion (ECF 8) and ORDERS the clerk to make the *ex parte* motion public, and this order too.

SO ORDERED.

February 12, 2026 <span style="float:right">*s/ Damon R. Leichty*<br>Judge, United States District Court</span>