UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALFONSO PAREDES CORTEZ, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26cv24 DRL-SJF |
| BRIAN ENGLISH *et al.*, | |
| Respondents. | |

OPINION AND ORDER

Immigration detainee Alfonso Paredes Cortez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. His petition asserts that the government has wrongfully concluded that his detention is authorized by 8 U.S.C. § 1225(b)(2). He seeks an order requiring that he be immediately released from custody or, alternatively, provided a bond hearing pursuant to 8 U.S.C. § 1226(a).

When he filed the petition, he was being detained at Miami Correctional Facility. However, recent filings by his attorney indicate that he is no longer being detained there—or indeed anywhere within the United States—and has been deported to Mexico. A district court may entertain a petition for writ of habeas corpus when the petitioner "is in custody under or by color of the authority of the United States[.]" 28 U.S.C. § 2241(c)(1); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Mr. Paredes Cortez met the "in custody" requirement when he filed the petition; however, he is no longer being detained, meaning there is no detention for the court to review.

"For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotations omitted). Here, the court can no longer grant Mr. Paredes Cortez the relief he seeks in the petition. The court cannot order his release because he has already been released. There would also be no point in determining whether he falls under 8 U.S.C. § 1225(b)(2) or § 1226(a), because that determination relates solely to whether he is entitled to a bond hearing. A bond hearing would not redress his injury.

In the criminal context, a habeas petition will not be mooted by the petitioner's release if he continues to suffer "collateral consequences" from the conviction. *Spencer*, 523 U.S. at 7. Courts have applied this concept in the immigration setting, but the "collateral consequence" must be something that can "be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Kurtishi v. Cicchi*, 270 F. Appx. 197, 199-200 (3d Cir. 2008). Mr. Paredes Cortez has identified no such collateral consequence here, and it is his burden as the party invoking federal jurisdiction to establish that the court's jurisdiction remains secure. *Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir. 1993). Although he represents that he is currently seeking return to the United States in his removal proceedings, that is not a basis to keep this habeas case open.[1] The court does not have

---

[1] He cites to Justice Sotomayor's concurrence in *Noem v. Garcia*, 145 S. Ct. 1017 (2025), for the proposition that the court has the ability to grant immigration relief even after "a deportee crosses the border." *Id.* at 1019. Be that as it may, *Garcia* was filed as a civil rights case seeking relief under

2

authority to review any action that might occur in the immigration proceeding related to whether he was improperly removed from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Kurtishi*, 270 F. Appx. at 200 ("In view of [petitioner's] deportation, there are no remaining collateral consequences that may be redressed by success on [petitioner's] challenge under § 2241 to his 'continued restraint by DHS-ICE'"); *Dehghani v. Castro*, No. 2:25cv52, 2025 WL 1937605, 3 (D.N.M. July 15, 2025) (dismissing habeas petition as moot when petitioner was deported, because "Section 2241 . . . empowers courts to challenge ongoing detention and order release—not to undo a completed removal or erase its statutory penalties").

In sum, the petition must be dismissed. Because the dismissal is on grounds of mootness, it will not prejudice his right to reassert his claims should he be detained again within the United States. *See Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013) (dismissal for lack of jurisdiction is always without prejudice).

Accordingly, the court DISMISSES the petition (ECF 1) as MOOT and DIRECTS the clerk to close this case.

SO ORDERED.

February 27, 2026                    *s/ Damon R. Leichty*
                                     Judge, United States District Court

---

the Administrative Procedures Act, 5 U.S.C. § 706, and other statutes. *See Abrego Garcia, et al. v. Noem, et al.*, 8:25-cv-951-PX (D. Md. filed Mar. 24, 2025). *Garcia* did not address the question of mootness after a habeas petitioner seeking relief under § 2241 is no longer in custody. The court also cannot "convert" this case into a civil rights action so that Mr. Parades Cortez can seek other forms of relief now that he is no longer being detained. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (holding that "a petition for habeas corpus may not be 'converted' to a civil suit" under the APA). Whether he has some other available judicial remedy is a matter the court does not reach.